Case 4:20-cv-00862 Document 39 Filed on 02/03/23 in TXSD Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
February 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AVIVIA LUCIANA BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-0862 |
| § | |
| OFFICER S.H. QUIAN, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Avivia Luciana Brown, formerly an inmate in the Harris County Jail, alleges in this civil rights suit that the defendants used excessive force against her during her arrest. The defendants have filed a motion to dismiss (Dkt. 38) seeking dismissal of all claims. Brown has not responded, and the time to respond has expired. The motion is ripe for decision. After reviewing the pleadings, the briefing and evidence submitted, the applicable law, and all matters of record, the Court concludes that the defendants' motion should be **granted in part** to dismiss the plaintiff's claims against Officer Quian but otherwise **denied**.

## I.    BACKGROUND

Brown has filed a complaint (Dkt. 10) and two more definite statements (Dkt. 14; Dkt. 17). She alleges that S.H. Quian and P.T. Rubio, two officers with the Houston Police Department (HPD), used excessive force against her during her arrest on January 13, 2020. Brown was indicted for assault on a public servant in connection with the same incident.

1 / 13

After the City of Houston as *amicus curiae* submitted a report that included the arrest records and identifying information about the defendants, the Court ordered service on the defendants by the United States Marshal Service (Dkt. 29; Dkt. 32). Officer Rubio was personally served with process (Dkt. 37). The documents for Officer Quian were served on Quian's work partner at HPD. *See* Dkt. 36 (return of service for Quian states that the server "personally served" Quian's work partner, Officer J. Franklin, after Quian "advised" her by phone to leave the documents with Franklin). The defendants then filed a motion to dismiss.

On January 13, 2020, Brown encountered the defendants at the home of John Raglin after Raglin called for police. Brown states that Raglin is her cousin's husband and that, although she was paying him rent, he called the officers because he wanted Brown to leave (Dkt. 17, at 3). She alleges that, during the incident, Officer Rubio beat her and that he was "on [her] face while [she] was on [her] back on the couch," therefore covering her nose and mouth (*id.* at 4). She also alleges that Quian "was on [her] roughing [her] up for nothing" and that he tased her while she was handcuffed (*id.*; *see* Dkt. 14, at 2). Brown states that she panicked and bit Officer Rubio because she was "suffocating" when Rubio was on top of her (Dkt. 17, at 5; *see* Dkt. 10, at 3; Dkt. 14, at 3). Brown claims that she was weak during the incident because her blood sugar was low, that she was "trying to throw trash away [and] lay down," and that she was not resisting the officers (Dkt. 10, at 3; *see* Dkt. 14, at 2; Dkt. 17, at 3). She also claims that the defendants were "mad because they couldn't make [her] leave by law" (*id.*).

The defendants arrested Brown and charged her with assaulting a public servant, in particular, biting Officer Rubio (Dkt. 17, at 6-7). As recounted in HPD's incident report, the officers were dispatched to a disturbance at Raglin's home and spoke to a witness who believed that Brown was high and wanted Brown to leave. The report states that the officers found Brown asleep in a bedroom and woke her up, observing her to be "not fully aware of what was going on," and called for the Houston Fire Department (Dkt. 27-1, at 5-6). Fire department personnel then radioed for an ambulance because Brown's blood pressure was high but, according to the report, Brown refused to go in the ambulance and became aggressive. The report states that the officers initially "could not take her to jail" because she did not have outstanding warrants, so were "trying to figure out another solution to remove her" because of other residents' fears (*id*. at 6). After Brown was arguing with another person at the residence, the officers attempted to detain her "to keep the peace" (*id*. at 6-7). The report further states that Brown resisted physically and, as Rubio turned her over to get her arm behind her back, Brown "turned and bit into [his] left back shoulder" and then his forearm (*id*. at 7). Although Brown alleges that Quian used a taser against her, the report indicates that Rubio deployed the taser to gain her compliance (*id*.).

The officers' report states that when Brown was transported to the jail, the jail "rejected" her because of her "altered mental state" and that she then was transported to Ben Taub Hospital (*id.*). Brown claims that the jail "refused to accept [her]" because her injuries "were so extensive," and that jail officials told the officers to take her to the hospital

for treatment (Dkt. 14, at 3). She further claims that, because of the injuries inflicted by the defendants, she required three days of medical treatment before the jail would accept her for booking (*id.*; Dkt. 17, at 6). In response to the Court's questions, she states that her injuries were diagnosed as "severe muscle trauma" (*id.*).

Public records indicate that Brown was indicted for assault on a public servant in connection with the arrest on January 13, 2020. *See* Dkt. 38-1 (criminal records); Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Feb. 1, 2023) (*State v. Brown*, Case No. 1660503, 230th District Court). On August 5, 2022, the day after the defendants filed their motion to dismiss in this case, the assault case against Brown was dismissed on the prosecutor's motion (*id.*).

Brown has not responded to the motion to dismiss and, in fact, has not filed any document with the Court since she submitted an address change on July 6, 2021 (Dkt. 18).

## II.      LEGAL STANDARDS

### A.      Rule 12(b)(5)

In the absence of proper service of process, a court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Norris v. Causey*, 869 F.3d 360, 368 (5th Cir. 2017). Rule 12(b)(5) permits a party to seek dismissal for insufficient service of process. FED. R. CIV. P. 12(b)(5). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise*

*Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1996); *see Henderson v. Republic of Texas*, 672 F. App'x 383, 384 (5th Cir. 2016).

### B.     Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington*, 563 F.3d at 147 (cleaned up).

The court's review under Rule 12(b)(6) is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are

central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the court if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004))). The Court may also rely on judicially noticed facts. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

### C. *Pro se* Pleadings

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. ANALYSIS

Brown claims that the defendants used excessive force against her during her arrest, in violation of the Fourth Amendment. Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person acting "under color of state law," such as a city official, for a

constitutional violation. See *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). The defendants' motion seeks: (1) dismissal of Quian for insufficient service of process under Rule 12(b)(5); (2) dismissal of the complaint as barred by criminal proceedings against Brown; (3) dismissal for failure to state a claim under the Fourth Amendment; and (4) dismissal based on qualified immunity.

### A. Insufficient Service of Process

The defendants seek dismissal of Quian under Rule 12(b)(5) for insufficient service of process. A court lacks personal jurisdiction over a defendant who was not properly served under Federal Rule of Civil Procedure 4. *Murphy Bros*, 526 U.S. at 350. Rule 4(e)(1) allows service on an individual defendant either in accordance with state law; in person; by leaving a copy at the person's dwelling with a resident of "suitable age and discretion"; or by delivery to an agent authorized by appointment or law. FED. R. CIV. P. 4(e)(1). Texas law permits service "in person" or by "registered or certified mail, return receipt requested." TEX. R. CIV. P. 106(a).

The defendants argue that none of the permissible methods were used to serve Quian with process. The record reflects that process server did not serve Quian personally, but rather "personally served" Quian's work partner at their workplace (Dkt. 36).

Because the defendants have challenged service under Rule 12(b)(5), the plaintiff bears the burden to show that service is proper. *Carimi*, 959 F.2d at 1346. However, Brown has not responded to the motion to dismiss. She makes no argument that the service was proper and has not requested renewed service on Quian.

Because the record does not reflect that Quian was served in compliance with Federal Rule of Civil Procedure 4(e)(1) or with Texas Rule of Civil Procedure 106(a), the Court will grant the motion to dismiss Brown's claims against Quian.

### B. Pending Criminal Prosecution

Citing *Heck v. Humphrey*, 512 U.S. 477 (1994), the defendants move for dismissal of Brown's complaint because it would necessarily imply the invalidity of the criminal case brought against her for assaulting Officer Rubio by biting him on the day of her arrest. The Court takes judicial notice of the records for Case No. 1660503 on the Harris County District Clerk's website. *See Funk*, 631 F.3d at 783.

Under *Heck*, a claim under 42 U.S.C. § 1983 that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. *Heck*, 512 U.S. at 486-87. To recover damages based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 487; *see Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022) (to demonstrate a "favorable termination" of a criminal prosecution for purposes of a malicious prosecution claim, a plaintiff "need only show that the criminal prosecution ended without a conviction" and is not required to show that the prosecution "ended with some affirmative indication of innocence"). If a judgment in favor of a civil

rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. When a pretrial defendant files civil rights claims related to rulings that will likely be made in a pending criminal proceeding, the best practice is for the district court to stay the civil rights case until the pending criminal case is resolved. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see Hopkins v. Ogg*, 783 F. App'x 350, 355 & n.20 (5th Cir. 2019).

In this case, the assault charge against Brown in Case No. 1660503 was dismissed on the prosecutor's motion on August 5, 2022, the day after the defendants filed their motion to dismiss in this suit. *See* Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Feb. 1, 2023) (Case No. 1660503). The case therefore is now resolved, and no stay under *Wallace* is warranted. Furthermore, because the assault case against Brown did not result in a conviction, *Heck* does not bar this civil rights suit. The defendants' motion to dismiss based on *Heck* therefore will be denied.

### C. Fourth Amendment

The defendants seek dismissal of Brown's Fourth Amendment claims under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

The Fourth Amendment protects the right to be free from excessive force during an arrest. *Graham v. Connor,* 490 U.S. 386 (1989). To prevail on an excessive force claim, a plaintiff must show an injury that resulted directly and only from a use of force that was

"clearly excessive" and "objectively unreasonable." *Betts v. Brennan*, 22 F.4th 577, 582 (5th Cir. 2022); *see Sam v. Richard*, 887 F.3d 710, 713 (5th Cir. 2018); *Poole v. City of Shreveport*, 691 F.3d 624, 627-28 (5th Cir. 2012). "Determining whether force was excessive or unreasonable is a 'necessarily fact-intensive' and case-specific inquiry." *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 332 (5th Cir. 2020). Courts must assess the relationship between the need and the amount of force used, considering the "timing, amount, and form of a suspect's resistance" and whether officers selected "the appropriate degree of force." *Id.* (cleaned up). An officer "must use force with measured and ascending actions that correspond to a suspect's escalating verbal and physical resistance." *Id.* at 332-33 (cleaned up); *see Poole,* 691 F.3d at 629. Additionally, "[f]orce must be reduced once a suspect has been subdued." *Joseph*, 981 F.3d at 335; *see Sam*, 887 F.3d at 714 (officers' use of force was excessive and unreasonable because, although suspect at first ran away, he was compliant at the time force was used); *Carroll v. Ellington*, 800 F.3d 154, 174 (5th Cir. 2015) (use of force must be evaluated throughout the incident).

Here, the defendants argue that Brown fails to plausibly allege a Fourth Amendment violation because she alleges "merely" that the officers "roughed her up" while arresting her or attempting to remove her from Raglin's residence (Dkt. 38, at 7-8). This characterization, however, does not fully account for Brown's allegations. As recounted above, Brown alleges that the defendants suffocated her and tased her while she was handcuffed. She also alleges that their force was excessive to the need because she was not resisting. Taking all of Brown's pleaded facts as true, and with every doubt resolved

on her behalf, her complaint states a claim for relief under the Fourth Amendment standards recited above. *See Harrington*, 563 F.3d at 147. The defendants' motion to dismiss under Rule 12(b)(6) therefore will be denied.

### D. Qualified Immunity

Determination of qualified immunity requires a bifurcated analysis: first, the court must decide "whether the undisputed facts and the disputed facts, accepting the plaintiffs' version of the disputed facts as true, constitute a violation of a constitutional right"; and second, the court must determine "whether the defendant's conduct was objectively reasonable in light of clearly established law." *Carroll*, 800 F.3d at 169 (cleaned up). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Pratt*, 822 F.3d at 181 (cleaned up). "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) (cleaned up). A reviewing court may address the two prongs of the qualified immunity analysis in any sequence, depending on the circumstances of the particular case at hand. *Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead specific facts that "defeat a qualified immunity defense" with the "minimal specificity that would satisfy *Twombly* and *Iqbal*." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020).

Here, the defendants argue that Brown cannot overcome qualified immunity because she admits that the officers were called to her cousin's house because Brown's

relatives wanted her to leave (Dkt. 38, at 9). The defendants further argue that this account "tells some of the story but not the whole story," referring to the Court's order for a more definite statement and citing to Brown's admission that she bit Officer Rubio during the incident (*id*.).

As stated above, Brown alleges in this suit that, although she did not resist the officers, they suffocated and tased her while she was handcuffed. At this stage of the case, the Court takes all of Brown's pleaded facts as true. Brown thus has plausibly alleged that the defendants' conduct was not objectively reasonable in light of clearly established Fourth Amendment law. *See*, *e.g.*, *Betts*, 22 F.4th at 582; *Joseph*, 981 F.3d at 332; *see also Arnold*, 979 F.3d at 267. Therefore, on the current record, the defendants have not demonstrated that they are entitled to dismissal on qualified immunity grounds.

### E. Brown's Intent to Prosecute this Action

Brown filed this suit when detained in the Harris County Jail, but was released from custody during pendency of this suit and notified the Court of her new address. Because no orders have been returned to the Court as undeliverable, the Court assumes that Brown has received them. However, Brown did not respond to the motion to dismiss and has not requested renewed service of process on Quian, and has not filed any document with the Court since July 6, 2021.

The Court will order Brown to respond <u>within 30 days</u> of this order and to inform the Court whether she wishes to continue to proceed with this civil action. If Brown does

not respond within 30 days, the defendants may file a motion to dismiss the case under Rule 41(b) for want of prosecution.

If Brown informs the Court that she wishes to proceed with this action, or if the defendants elect not to file a motion for dismissal under Rule 41(b), the defendants are instructed to file any dispositive motion, including a motion for summary judgment under Rule 56, <u>within 90 days</u> of the date of this order. The plaintiff must respond to any dispositive motion <u>within 30 days</u> of the date that the defendants mail her a copy.

### IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. The defendants' motion to dismiss (Dkt. 38) is **GRANTED in part** and **DENIED in part**. The defendants' motion to dismiss Brown's claims against Quian under Rule 12(b)(5) is granted. In all other respects, the motion is denied.

2. Brown is directed to respond to this order **within 30 days** and to inform the Court whether she wishes to proceed with this civil action.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on  February 3 , 2023.

*/s/ George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE